70310. JOHNSON v. HUBERT.
(333 SE2d 21)

McMURRAY, Presiding Judge.

Plaintiff Rick M. Hubert filed a petition in the Superior Court of McDuffie County seeking the change of custody of his minor child. The petition was filed nearly two years after custody of the child was awarded to the defendant Jackolyn J. Hubert Johnson through a final

judgment granting a total divorce between the parties. Following a hearing upon the petition, the trial court entered findings of fact and concluded: "It appears that both the natural mother and father love the child dearly. Everything considered between the Plaintiff, father, and Defendant, mother, the scales are overwhelmingly unbalanced to the extent that the best interest and welfare of the child would be best served by the award of his custody to the Plaintiff, father." We granted defendant's application for a discretionary appeal to review the judgment of the trial court. *Held:*

1. "As between natural parents, a change in custody of a minor child may be awarded only upon a showing of a change in material conditions or circumstances of the parties or the child, subsequent to the original decree of divorce and award of custody, and that the change of custody would be in the best interests of the child. OCGA § 19-9-1 (b) . . . ; *Gazaway v. Brackett*, 241 Ga. 127 (244 SE2d 238) (1978); *Crumbley v. Stewart*, 238 Ga. 169 (231 SE2d 772) (1977)." *Blackburn v. Blackburn*, 168 Ga. App. 66, 70 (308 SE2d 193).

In the case sub judice, as reflected in the trial court's findings of fact and conclusions of law, the trial court awarded custody of the child to the plaintiff father solely upon the conclusion that it was in the "best interest and welfare of the child" without first finding "a change in material conditions or circumstances of the parties or the child, subsequent to the original decree of divorce and award of custody." Although the evidence presented in the trial court may have been sufficient to support a change of custody (of which we cannot make a determination in the absence of a transcript), it appears that the trial court failed to apply the complete correct legal standard in this case. Accordingly, we must reverse the judgment in the case and remand to the trial court for proceedings consistent with this opinion.

2. The trial proceedings were not reported. Following the trial, defendant moved the court, pursuant to OCGA § 5-6-41, to file a transcript of the proceedings in narrative form. A hearing was held upon the motion and the trial court ruled that defendant was permitted to prepare "a proposed transcript of the evidence in narrative form to be presented to opposing counsel in order to secure agreement or to be presented to the Court in the event agreement cannot be reached." Pursuant to the court's order, defendant prepared a transcript of the proceedings and presented it to opposing counsel. Because the parties were unable to agree as to the correctness of the transcript, it was submitted to the trial court for approval. The court entered an order refusing to approve the transcript prepared by the defendant. We agree with defendant that the trial court should have entered an order stating what transpired at trial, or, if it was unable to recall what transpired, it should have entered an order stating that fact. OCGA § 5-6-41 (g).

171

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 18, 1985.

*Carl J. Surrett*, for appellant.
*M. McNeill Holloway III*, for appellee.