77576. LIVESAY v. HILLEY.
(379 SE2d 557)

POPE, Judge.

We granted Tina Hilley Livesay's application to appeal an order of the Superior Court of Madison County changing custody of the parties' three-year-old daughter to the natural father.

The record shows that the parties were divorced on October 7, 1987 and custody of the minor child was awarded to the mother. On November 20, 1987, the father filed a petition seeking a change in custody contending there had been a material change in circumstances affecting the welfare of the child based on the assertion that the mother was living with a man to whom she was not married. Although appellant did not dispute the fact of cohabitation, and admitted that Tommy Livesay began living with her and the minor child in late October, she contended that such relationship was not meretricious because she and Livesay had entered into a common-law marriage. The appellant and Livesay were subsequently married in a ceremony held on December 19, 1987.

On January 5, 1988, a hearing was held on appellee-father's change of custody petition. At that hearing appellant presented witnesses who testified that around late October or early November the parties introduced themselves as common-law husband and wife. Appellant testified that she and Livesay did not have a ceremonial marriage when they began living together in October "because we wanted to make sure [the minor child] would adjust before we jumped in or pushed her into something that she was not ready for or that we were

not ready for . . . ."

Following the hearing the superior court entered an order finding that the parties had not entered into a common-law marriage when they began cohabiting in late October. The court also found that the minor child had been adversely affected by these living arrangements and transferred custody to the father. The court denied the appellant's motion for new trial and we granted her application for discretionary appeal.

1. Appellant first enumerates as error the trial court's finding that the ceremonial marriage subsequent to the common-law marriage precluded the validity of the latter. Although a letter attached to the court's order suggests that it questioned the necessity of such a ceremony in light of the appellant's contention that she was married pursuant to the common law, in its order the court relied not on this factor but on appellant's testimony that she and Livesay wanted to ensure that the child would adjust to having Livesay in the home. Based on this testimony the court found "that at the time [appellant and Tommy Livesay] began living together [they] did not have a present intention to be married, but rather the possibility of marriage in the future based upon whether or not the minor child, . . . was comfortable with Mr. Livesay." We agree with the trial court that the evidence, specifically the testimony of the mother, supports the trial court's conclusion that at the time they began living together appellant and Livesay lacked the requisite present intent to marry and hence a valid common-law marriage was not shown. See, e.g., *Peacock v. Peacock*, 196 Ga. 441 (26 SE2d 608) (1943). Consequently, this enumeration is without merit.

2. It does not necessarily follow, however, that the trial court correctly concluded that a change of custody was warranted under the facts of this case. " 'The award of custody of a child of the parties in a divorce decree is conclusive unless there have been subsequently to the decree new and material changes in the conditions and circumstances *substantially affecting the interest and welfare of the child.* (Cits.) Though the trial judge is given a discretion, he is restricted to the evidence and unauthorized to change the custody where there is no evidence to show new and material conditions that affect the welfare of the child. (Cit.)' [Cit.] (Emphasis supplied.)" *Evans v. Stowe*, 181 Ga. App. 489, 491 (352 SE2d 811) (1987).

In the case at bar the period of cohabitation was relatively brief. However, the trial court found "that the minor child, . . . has been adversely affected by the living arrangement between the [appellant] and Mr. Livesay." In support of this finding, the trial court stated that "[the appellee] testified without contradiction that the child is glad to see him when he picks her up for visitation and cries when he takes her back at the end of his visitation period." The record does

not indicate, however, that this behavior was anything other than normal happiness and natural distress at seeing and subsequently parting with the non-custodial parent. In sum, the evidence does not show that this behavior was in anyway related to Livesay residing in the home. "The Court [also found] that the [appellant] interfered on one occasion with the visitation rights of the [appellee] and . . . that this problem with visitation occurred on the first weekend after the [appellant] and Mr. Livesay were married." Again, however, the record does not disclose that this incident had an adverse effect on the child. Moreover, although the trial court characterized this incident as interference with the appellee's visitation rights, the record shows that, although the exchange became quite heated, the interference was in fact nothing more than a disagreement between the parties regarding when the appellee had to return the child to the mother when a holiday visitation coincided with a regular visitation weekend.

"The evidence at the hearing that appears in the record as to a change in the circumstances and conditions subsequent to the divorce decree relates primarily to the parents . . . . The evidence fails to show any change in the [mother's] fitness or ability to care for the child. There being no evidence showing a material change of circumstances or conditions affecting the welfare of the child, the court [abused its discretion] in awarding custody to the [father]. [Cits.]" *Young v. Young*, 216 Ga. 521, 522-23 (118 SE2d 82) (1961).

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 15, 1989 —
REHEARING DENIED MARCH 9, 1989 —

*Hudson & Montgomery, James Hudson*, for appellant.
*B. Lane Fitzpatrick*, for appellee.