A89A0290. LARSON v. LARSON et al.
(384 SE2d 193)

BENHAM, Judge.

The trial court awarded permanent custody of a minor child to

appellees, the child's paternal grandparents, thereby stripping appellant, the child's natural mother, of custody. We granted appellant's application for discretionary appeal. OCGA § 5-6-35 (a) (2).

The 18-month-old child was in appellant's custody pursuant to a judgment and decree of divorce entered in September 1987. Contending in January 1988 that "a substantial change in circumstances [had] occurred" since the entry of the judgment of divorce, thereby necessitating a change in custody, appellees filed their petition for custody. The child's father, appellees' son, a quadriplegic living with his parents and unable to pay child support, consented to the entry of an order granting permanent custody of his child to his parents. After conducting two hearings, the trial court concluded that "[a] substantial change in circumstances [had] occurred since the entry of the Final Judgment and Decree of Divorce," leaving him no alternative but to order the change of custody.

"[W]here a third party [i.e., a non-parent] sues the custodial parent to obtain custody of a child and to terminate the parent's custodial rights in the child, . . . the parent is entitled to custody of the child unless the third party shows by 'clear and convincing evidence' that the parent is unfit or otherwise not entitled to custody under [OCGA §§ 19-7-1 and 19-7-4]." *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982). "In a contest between a parent and a third party over the custody of a child a parent may lose the right to custody *only* if one of the conditions specified in [OCGA §§ 19-7-1 and 19-7-4] is found to exist, or, in exceptional cases, if the parent is found to be unfit. [Cit.]" *Bozeman v. Williams*, 248 Ga. 606, 607 (285 SE2d 9) (1981). (Emphasis supplied.) The occurrence of a "substantial change in circumstances" since the entry of a divorce decree and award of custody is not one of the conditions specified in either OCGA § 19-7-1 or § 19-7-4. Instead, that legal standard is reserved for those cases in which one natural parent seeks custody of a child from the other natural parent. *Blackburn v. Blackburn*, 168 Ga. App. 66 (1) (308 SE2d 193) (1983). That is not the situation in the case before us, wherein grandparents seek custody from a natural parent. Inasmuch as the trial court applied the incorrect legal standard in the case at bar, we must reverse the judgment. *Johnson v. Hubert*, 175 Ga. App. 169 (1) (333 SE2d 21) (1985).

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 8, 1989 —
REHEARING DENIED JULY 7, 1989.

*Fleming, Blanchard & Bonner, Bradley J. Patten*, for appellant

*Jolles & Slaby, Richard A. Slaby*, for appellees.