A90A0103. GILES v. THE STATE.
(400 SE2d 368)

BEASLEY, Judge.

Giles was indicted for trafficking in cocaine, OCGA § 16-13-31 (a) (1), and possession of less than one ounce of marijuana, OCGA § 16-13-2 (b). He moved to suppress evidence of the contraband principally upon the bases that it was found in the execution of an unconstitutional and illegal civil search and seizure order issued under the Trademark Counterfeiting Act of 1984, 15 USC § 1116 (d) (1) (A), and seized pursuant to a subsequently issued illegal search warrant. The motion was denied, the misdemeanor was dead docketed, and Giles entered a negotiated plea of guilty to the lesser included offense of possession of cocaine, OCGA § 16-13-30 (a), under authority of *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). He reserved the right to file the present appeal from the denial of suppression.

The drugs were seized in this way. Manufacturers of a certain watch brand filed suit in the United States District Court against

Giles and his company, among others, alleging that defendants were making and/or selling counterfeit watches bearing the manufacturers' trademark. The district court granted plaintiffs' application for an ex parte seizure order under 15 USC § 1116 (d) (1) (A). The order authorized the United States Marshal to immediately seize and impound from Giles' residence all merchandise, materials, papers, brochures and documents bearing plaintiff's trademark or similar markings; all books, records or documents in the possession, custody or control of defendants relating to the purchase, financing, distribution or sale bearing the plaintiff's trade name or similar to it, including any records relating to or likely to lead to information regarding the issues in the case; and all books, records or documents likely to provide information as to the source, importers, shippers, vendors, or purchasers of merchandise bearing plaintiff's name. To accomplish seizure, the order authorized the marshal to physically open, break and enter any door, safe, entry, file, drawer, case, envelope or other container, any automobile, truck, motor vehicle, any outbuilding, or garage. Plaintiff's local counsel familiar with the counterfeiting scheme and involved in the case were to accompany the marshal to identify the materials to be seized. Associate counsel was permitted to be present.

Two federal marshals along with two of plaintiff's attorneys went to Giles' residence to execute the order. A copy of it was given to Giles. The marshals seized between 40 and 50 of the suspect watches. While searching Giles' bedroom, one marshal opened a dresser drawer and spied a leather case. Believing it might contain watches, he opened it and saw shoe polish and a clear plastic bag containing white powder resembling cocaine. He also saw in plain view in the drawer what appeared to be marijuana, marijuana seeds, and drug paraphernalia.

The marshal telephoned the county police narcotics unit and had a lengthy conversation with a detective. The marshal related that they had been ordered to seize counterfeit watches and that during the course of the search and seizure they had discovered what they suspected to be cocaine and marijuana and hashish. The detective questioned him about the federal order and about Giles. Based on the conversation, the detective prepared an affidavit and obtained a search warrant for Giles' house from the magistrate.

The detective and her partner went to the house, she identified herself, and showed the search warrant to the marshal. The marshal in turn showed his identification and reaffirmed what he had related in the telephone call. They went to look at the suspected drugs. The detective field-tested the white powder and it was positive for cocaine. The detective seized the drugs and paraphernalia and arrested Giles for violating the Georgia Controlled Substances Act. The mix-

ture was later found to contain 30 grams of pure cocaine.

1. Giles enumerates as error that "[t]he ex parte order entered pursuant to 15 U. S. C. § 1116 permitting a search of a private residence on the application of a private citizen for his aid in the enforcement of personal or property rights violates Art. 1, § 1, Para. 13 of the Georgia Constitution and also violates OCGA § 17-5-20 and the due process clause of both the state and federal constitutions and a conviction based solely on evidence seized thereby must be set aside."

The gravamen of Giles' challenge is to the state and federal constitutionality of the federal statute, so we transferred the appeal to the Supreme Court of Georgia. See 1983 Ga. Const., Art. VI, Sec. VI, Par. II. The Supreme Court returned the case to this Court without comment. From this, we conclude that Giles' constitutional challenges which were within the Supreme Court's jurisdiction are without merit. *Bishop v. State*, 179 Ga. App. 606, 608 (1) (347 SE2d 350) (1986).

In his argument of the enumerated error, Giles also challenges one of the affidavits in support of the 15 USC § 1116 (d) (1) (A) order by citing a subsequent allegedly inconsistent affidavit by the same affiant, the content of the order, and the extent of the search pursuant to it. However, "[i]t is . . . basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal. [Cit.] And, enumerations of error cannot be enlarged by means of statements in the brief of counsel to include issues not made in the enumeration. [Cit.]" *Anfield v. State*, 188 Ga. App. 345, 346 (2) (373 SE2d 51) (1988).

2. Giles also complains that the seized contraband was illegal because it was the fruit of the county search warrant which was issued without probable cause and predicated solely on illegal entry. He references both the State and Federal constitutions but cites solely federal authority, abandoning the state ground. See *Lee v. State*, 177 Ga. App. 698 (340 SE2d 658) (1986).

Giles has failed to establish that the initial entry was illegal. See Division 1, supra. Furthermore, the search warrant obtained by the county detective was not without probable cause. "Information provided by police officers, arising out of an official investigation, may be used to establish probable cause for a search warrant. [Cits.]" *Caffo v. State*, 247 Ga. 751, 754 (2) (b) (279 SE2d 678) (1981). The detective's ascertainment of the facts in the lengthy telephone conversation, in light of her experience and training as a narcotics officer, allowed her to assess the credibility of the call including the identity of the caller and the substance of the related information and to make and present in good faith her affidavit to the magistrate.

Even "[a]ssuming . . . [arguendo] that the affidavit did not provide the issuing magistrate with probable cause to believe that contra-

band would be found in appellant's residence, the exclusionary rule has nevertheless been ' "modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." ' *United States v. Leon*, 468 U. S. 897, 905 (104 SC 3405, 82 LE2d 677) (1984). 'It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. . . .' " *Adams v. State*, 191 Ga. App. 916 (383 SE2d 378) (1989).

Appellant does not substantiate with evidence his conclusory allegation that the magistrate did not act impartially and disinterestedly but instead rubber stamped the detective's offered affidavit. Moreover, "[t]here is no evidence that the affiant was dishonest or reckless in preparing the affidavit or that [she] could not have harbored an objectively reasonable belief in the existence of probable cause to search appellant's residence. '(T)he (officer's) reliance on the magistrate's determination of probable cause was objectively reasonable, and application of the extreme sanction of exclusion is inappropriate.' *United States v. Leon*, supra at 926." *Adams*, supra at 917. The trial court correctly denied appellant's motion to suppress.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1990.

*Victoria D. Little*, for appellant.

*Robert E. Wilson*, District Attorney, *Donald C. English, Barbara B. Conroy*, Assistant District Attorneys, for appellee.

