## A91A0929. LOYD v. THE STATE.

(413 SE2d 222)

BEASLEY, Judge.

Following the denial of his motion for new trial, Loyd appeals his conviction for incest, OCGA § 16-6-22 (a) (1), by having sexual intercourse with his natural daughter.

1. Appellant contends that the trial court erred in denying his motion to suppress evidence of similar transactions inasmuch as he was denied due process because the State's notice failed to comply with Uniform Superior Court Rule 31.3. He contends (a) the notice insufficiently apprised him of the transactions (although he does not specify in what regard the notice was lacking), and (b) the court failed to hold a hearing and require the State to meet its burden of showing the admissibility of each separate transaction.

(a) The State served defendant with two separate notices. One notice cited continuing acts of molestation of the victim daughter from the age of ten until the age of 13. It named the girl, detailed the sexual acts and specified the out-of-state cities and years of occurrence. The second notice cited continuing acts of molestation of the victim's older sister. It named the sister, and likewise detailed the sexual acts and the out-of-state cities and years in which they took place.

The transactions were continuing in nature over a period of years and the State's notices described them with as much specificity as was possible. Both notices were in substantial compliance with USCR 31.3 (B). See *Hall v. State*, 181 Ga. App. 92 (1) (a) (351 SE2d 236)

(1986).

(b) Approximately two weeks prior to trial, the court held a hearing on several of defendant's motions, including the motion to suppress evidence of the similar transactions. The prosecuting attorney stated in her place the circumstances of the transactions. The defense offered no contradictory statement or proof.

"Rule 31.3 provides in part: 'the judge shall hold a hearing . . . and may receive evidence on any issue of fact necessary to determine the request.' . . .

"[T]he rule clearly grants the trial court discretion as to the reception of evidence. There is no *per se* right to an evidentiary hearing, nor any mandatory obligation to produce testimonial evidence. . . . [T]he pleadings and the [S]tate's attorney stating in [her] place what [she] expected to show at trial reveal facts upon which this court has found sufficient similarity in the transaction, especially as regards sexual crimes, to permit the admission of such evidence. [Cits.] By this means, the [S]tate set forth a prima facie case." (Emphasis omitted.) *Hall*, supra at 93 (1c)-94. The jury heard testimony regarding the other acts and could make an independent determination regarding similarity. Compare *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991).

(c) Appellant further attempts to raise a substantive challenge to the similarity of the transactions. First, as we have noted, the State made a sufficient showing before the court and then the jury in this regard. Secondly, such claim may not be considered because "[e]numerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration. [Cit.]" *Newberry v. State*, 184 Ga. App. 356, 357 (1) (361 SE2d 499) (1987).

2. Appellant contends that the court erred in denying his motion for a directed verdict for failure to prove venue in Chattooga County.

The prosecuted instance of sexual intercourse between father and daughter was alleged to have occurred at the paternal grandmother's house in Berryton in Chattooga County. Although the victim daughter, who was a reluctant State's witness, recanted her earlier story that the sexual intercourse had taken place at the grandmother's house, and although the defendant completely denied the occurrence, there was testimony by at least three other witnesses who established that the incest occurred in Chattooga County rather than in Tennessee, where the family lived much of the time and where much of the sexual activity between defendant and his daughters took place. This testimony can be considered as probative of the venue issue because "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).

The victim's sister testified that the victim had related to her that at "Granny Loyd's" house, defendant had chased the victim and she finally gave in and let defendant do his will. A Department of Family & Children's Services employee testified that the victim stated that in the summer of 1988 she and the defendant traveled to Chattooga County to attend a flea market and stayed at the grandmother's house in Berryton, where she gave in to defendant's advances to have sexual intercourse. The indictment alleged July 1, 1988. The chief investigator for the Chattooga County Sheriff's Department testified that he specifically questioned the victim about what occurred in Chattooga County and the victim indicated that she had sexual intercourse with the defendant twice, once at her grandmother's house in Berryton. Also in evidence was a written statement by the victim in which she related that most of the sexual intercourse occurred on trips taken out of town.

" 'When the evidence as to venue is conflicting, the State must prove venue as a jurisdictional fact beyond a reasonable doubt. (Cits.)' [Cit.]" *Lumpkin v. State*, 182 Ga. App. 505 (1) (356 SE2d 238) (1987). The circumstantial as well as direct evidence was sufficient to permit the jury to find beyond a reasonable doubt that venue of the charged act of incest was in Chattooga County. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). A directed verdict on the basis of insufficient evidence of venue was not demanded.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 20, 1991.

*Albert C. Palmour, Jr.*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Susan S. Camp, Melodie B. Swartzbaugh, Assistant District Attorneys*, for appellee.