### A92A1679. SAXON v. SAXON.
(428 SE2d 376)

JOHNSON, Judge.

Brenda Saxon and S. Lee Saxon were divorced in 1981 and custody of their son was awarded to Brenda. In 1990, Lee filed a petition for change of custody. The child, who was 15 years old at the time of the change of custody trial, selected his mother Brenda as the parent with whom he wanted to live. The trial court, however, found that Brenda was not fit to have custody of her son and ordered that custody be changed to Lee. The court denied Brenda's motion for a new trial and she appeals.

"In all custody cases in which the child has reached the age of 14 years, the child shall have the right to select the parent with whom he desires to live. The child's selection shall be controlling unless the parent so selected is determined not to be a fit and proper person to have the custody of the child." OCGA § 19-9-3 (a); accord OCGA § 19-9-1 (a). The trial court determined that the mother was not fit based on a finding that she was involved in a meretricious relationship. This finding is not supported by the evidence. Black's Law Dictionary defines meretricious as "the relation sustained by persons who contract a marriage that is void by reason of legal incapacity." The Supreme Court has defined meretricious relationships in the context of Georgia's "live-in lover" law as including "those instances in which persons of the opposite sex dwell together continuously and openly in a relationship similar or akin to marriage . . . albeit they are not husband and wife in contemplation of the law." *Hathcock v. Hathcock,* 249 Ga. 74, 76 (3) (287 SE2d 19) (1982). Here, the mother was dating a man with whom she had a sexual relationship. However, they did not live together, and there is no evidence that any sexual activity took place in the presence of the child. Because there is no evidence that the mother dwelled openly and continuously with a man to whom she was not married, the court's finding that she was engaged in a meretricious relationship is clearly erroneous. "If the court's judgment is based upon a stated fact for which there is no evidence, it should be reversed." (Citations and punctuation omitted.) *Bridges v. Bridges,* 197 Ga. App. 608, 609 (398 SE2d 860) (1990).

Moreover, there is no evidence that the relationship in question, meretricious or otherwise, resulted in abuse or neglect of the child or in the mother being incapable of caring for her child. Consequently, the court erred in determining that the mother was unfit to have custody of her son because of this relationship. See generally *Hayes v.*

*Hayes,* 199 Ga. App. 132 (404 SE2d 276) (1991).

The court also determined that Brenda Saxon was unfit because she "attempted to poison the mind of her son . . . against his father by showing their son the pleadings in this case and discussing the details of the case with [him]." The mother explained that she discussed the case with her son to allay his concerns about the proceedings. The trial court was not required to accept her explanation; however, there is no evidence that the mother's discussion of the case with the child amounted to abuse of, neglect of, or inability to care for the child. The court therefore erred in determining that the mother was unfit based on such discussions.

Because the court erroneously determined that the mother was not fit to have custody of her son, the child's selection of his mother as the parent with whom he wanted to live was controlling. "The evidence fails to show any change in the mother's fitness or ability to care for the child. There being no evidence showing a material change of circumstances or conditions affecting the welfare of the child, the court abused its discretion in awarding custody to the father." (Citations and punctuation omitted.) *Livesay v. Hilley,* 190 Ga. App. 655, 657 (2) (379 SE2d 557) (1989).

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 8, 1993 —
RECONSIDERATION DENIED FEBRUARY 24, 1993.

*Adams & Adams, Charles R. Adams III,* for appellant.
*Fennessy & Nettum, Michael A. Fennessy,* for appellee.