A93A0744. TEMPLEMAN v. EARNEST.

(434 SE2d 106)

BIRDSONG, Presiding Judge.

Samuel James Templeman appeals a superior court judgment changing the custody of his minor children. He contends that custody of the children was changed without a material change of circumstances affecting their welfare and that the change of custody is not in the best interest of the children.

The record shows that when Templeman and his ex-wife, Vanita Robin Earnest, were divorced in 1988, custody of the children was granted to Earnest. Then, in 1989, allegedly because the mother felt she could not properly care for the children, the court changed custody of the children to Templeman. While the parties agree that this change of custody was made with the agreement of the parties, they do not agree on the reason for the change.

Earnest again sought to change custody from Templeman to herself. She asserts that a change of custody was warranted because she could now take care of the children properly since she has recovered from illness, is employed, and has remarried. She also alleges that the children's circumstances had changed with Templeman because at the time he was granted custody he was not married, but since he was awarded custody he has lived with two women, one of whom he later married.

After conducting a hearing on the petition, the trial court made the following findings concerning a material change of conditions: "All right. At the time of the last modification the parties were in agreement. At the time of this modification they are not in agreement. That is a change of circumstance. Warring parents are not the same for the welfare of the children as peaceful parents. The time of the last modification was April 5, of '89. On April 5 of '89 the income of the mother was different. The living conditions of the father were different than they are today. That's it."

Based upon these findings, the court awarded the parties joint custody of the children and directed that every other year each party would have physical custody of the children. Upon Templeman's objection to this award, the court replied, "It's not the court's opinion that children are better being swapped from custody to custody. . . I'm making the order of the court what the parents have been engaging in. I'm just putting it on a permanent basis." *Held:*

Before custody of the children can be changed, the trial court must find that, since the last award, there has been a material change of condition affecting the well being of the children. OCGA § 19-9-1 (b); *Johnson v. Hubert*, 175 Ga. App. 169, 170 (333 SE2d 21). The findings by the superior court do not satisfy these criteria. *Danner v. Robertson*, 221 Ga. 516, 517 (145 SE2d 554). Moreover, even if the trial court's findings could be sustained, the award of joint custody with alternating physical custody cannot be sustained. The trial court has an independent duty in these cases to make an award of custody that is in the best interest of the children (OCGA § 19-9-3 (a)) and is not authorized to merely ratify the practices of the parties. See OCGA § 19-9-5; *Mock v. Mock*, 258 Ga. 407 (369 SE2d 255).

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 2, 1993 —
RECONSIDERATION DENIED JULY 16, 1993 — 

*Cowen & Cowen, Linda S. Cowen*, for appellant.
*Ferguson & Ferguson, Monroe Ferguson*, for appellee.