S95A0437. BALDWIN v. BALDWIN.
(458 SE2d 126)

HUNT, Chief Justice.

The juvenile court found both parents fit and equally capable of caring for the parties' minor child but based on additional factors awarded custody to the mother finding it would be in the child's best interest to do so. The Court of Appeals reversed and remanded the case to the juvenile court to give "due consideration to joint custody."[1] On remand, the juvenile court, although concluding that joint custody was not feasible in this case and was not in the best interest of the child, nevertheless, ordered joint legal and physical custody, construing the Court of Appeals' opinion as *mandating* that result.[2] We hold that where, as here, the trial court determines that both parents are fit and equally capable of caring for the child, the court must consider joint custody but is not *required* to enter such an order unless it specifically finds that to do so would be in the best interest of the child. Thus, we reverse and remand.

The Court of Appeals correctly pointed out that the Legislature's enactment of OCGA § 19-9-6 — providing the court with the option of awarding joint legal or joint physical custody or both — and the 1990 amendments to OCGA § 19-9-3 (a) — stating that neither parent has a prima facie right to custody and that joint custody may be considered — indicate a state policy favoring shared rights and responsibilities between both parents.[3] We also agree with the Court of Appeals that where, as here, the trial court finds both parents fit and proper,[4] the trial court must give due consideration to the feasibility of a joint custody arrangement. However, the 1990 legislation did not change the trial court's primary duty in any custody determination

---

[1] *In the Interest of A. R. B.*, 209 Ga. App. 324, 326 (3) (433 SE2d 411) (1993). Following the juvenile court's custody award, the father filed both a motion for reconsideration in the juvenile court and an application to appeal in the Court of Appeals. The juvenile court, in its initial order, did not indicate that it had considered joint custody. However, in an order denying the motion for reconsideration, the juvenile court set forth facts and conclusions underlying its consideration and rejection of joint custody in this case. The Court of Appeals held that order was a nullity because the father's application to the Court of Appeals divested the juvenile court of jurisdiction. Thus, the Court of Appeals did not address the sufficiency of the juvenile court's consideration of joint custody in the juvenile court's order denying the father's motion for reconsideration.

[2] The Court of Appeals denied the mother's application to appeal this order, and we granted certiorari from that denial.

[3] 209 Ga. App. at 326-327 (2).

[4] See OCGA § 19-9-3 (a).

between parents, which is to "determine solely what is for the best interest of the child or children and what will best promote their welfare and happiness."[5] The Court of Appeals did not hold otherwise, and the juvenile court erred in construing the Court of Appeals' opinion as mandating joint custody in this or any other case.

Accordingly, we reverse the juvenile court's order of joint custody and remand to that court to reconsider the issue of custody in accordance with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED JUNE 12, 1995.

*Davis, Matthews & Quigley, Baxter L. Davis, Richard W. Schiffman, Jr., Elizabeth G. Lindsey, Hicks & Massey, William E. Hicks,* for appellant.

*Kice H. Stone,* for appellee.