## S07F1685. HADDEN v. HADDEN.
(659 SE2d 353)

HINES, Justice.

Jennifer Landrum Hadden ("Ms. Hadden") appeals from the trial court's final judgment and decree of divorce ending her marriage to Thomas Chad Hadden ("Mr. Hadden").[1] For the reasons that follow, we affirm.

The couple was married in 1993; the marriage produced two children, one born in 1995, and one born in 1997. Mr. Hadden filed his complaint for divorce on September 30, 2005. The trial court issued a temporary order on December 29, 2005, providing for joint legal and physical custody of the children. After receiving reports from the children's guardian ad litem and from a psychologist who examined Ms. Hadden, the court amended its temporary order on February 27, 2006, and gave temporary custody of the children to Mr. Hadden, with visitation rights to Ms. Hadden; the court also awarded temporary alimony to Ms. Hadden. Ms. Hadden then submitted a report from a forensic psychiatrist who evaluated her, and the court issued the second amended temporary order on June 28, 2006, again providing for joint legal and physical custody of the children. In a third amended temporary order issued on October 4, 2006, the trial court increased Ms. Hadden's visitation time with the children, and ordered that both parties meet with the psychologist who provided the earlier report. The court issued its final judgment and decree of divorce on February 3, 2007, and awarded joint legal and physical custody, with Mr. Hadden having primary physical custody; no child support was awarded to either party. Alimony was awarded to Ms. Hadden.

1. The trial court's final order does not contain separate findings of fact, and Ms. Hadden asserts that this is error. However, the record is devoid of any request by her or Mr. Hadden that such be provided, and thus, none was required to be made in this non-jury trial. *Messaadi v. Messaadi*, 282 Ga. 126, 127-128 (1) (646 SE2d 230) (2007). Further, we note that there are no transcripts of the final hearing, or certain other earlier hearings,[2] included in the record, and it does not appear that these hearings were reported. Although the record discloses some evidence that was placed before the trial court, in the absence of transcripts that would detail what was presented in the hearings, this Court assumes that the evidence adduced therein was sufficient to support the trial court's findings. See *Fine v. Fine*, 281 Ga. 850 (642 SE2d 698) (2007).

---

[1] This Court automatically granted Wife's discretionary appeal pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

[2] The only transcript appearing in the record is that of the hearing prior to the trial court's first temporary order; the trial court's orders show that at least four other hearings were held.

2. Ms. Hadden urges that in making its final custody award, the trial court did not rule in the best interests of the children, and imposed upon her the burden to disprove certain allegations by Mr. Hadden, rather than treat the parties equally. See OCGA § 19-9-3 (a) & (b). However, nothing in the court's final order, or the record, shows that the court's custody ruling was based on any standard other than what is in the best interests of the children, and nothing shows that the court required Ms. Hadden to disprove any allegations of Mr. Hadden's. Record evidence shows that the psychologist, who performed multiple custody evaluations, reported that Ms. Hadden operated under the influence of delusions, and concluded that it was in the best interests of the children that primary physical custody be placed in Mr. Hadden. Although Ms. Hadden asserts that other evidence presented supports a conclusion that she was at least as fit to serve as a custodial parent as Mr. Hadden, such evidence only presents a question of fact requiring the trial court's resolution under the proper standard, and there was no abuse of the trial court's discretion. See *Frazier v. Frazier*, 280 Ga. 687, 689 (2) (631 SE2d 666) (2006); *Urquhart v. Urquhart*, 272 Ga. 548 (1) (533 SE2d 80) (2000). Similarly, there was no abuse of discretion in the trial court's awarding Ms. Hadden physical custody of the children for five nights during a regular two-week schedule; contrary to Ms. Hadden's contention that the trial court did not "give any serious consideration" to granting her primary physical custody, the court's temporary orders amply indicate that the court did consider such an arrangement, and there is evidence in the record supporting the court's award. See *Echols v. Echols*, 281 Ga. 546, 548-549 (2) (640 SE2d 257) (2007).

3. Ms. Hadden also argues that the trial court could not alter its temporary custody orders without a demonstrated change in material condition. However, the statutory provision she cites, OCGA § 19-9-1 (b), applies to modifications after a final custody award, not to temporary awards. See *Daniel v. Daniel*, 250 Ga. App. 482, 483-484 (2) (552 SE2d 479) (2001). The temporary awards of the court were just that, temporary, and the final custody determination need not be the same as that of any temporary order. See OCGA § 19-9-3 (e); *Moon v. Moon*, 277 Ga. 375, 376 (2) (589 SE2d 76) (2003).

4. In its final order, the trial court awarded alimony to Ms. Hadden in the amount of $1,000 a month, for a period of three years. Ms. Hadden contends that, as her temporary award of alimony was $2,130 a month, the award in the final order is inadequate, especially in light of her car payment of $806 a month. However, the trial court found that Ms. Hadden holds a doctoral degree in education, "has not made tremendous efforts" to support herself during the pendency of the suit, and should be self-supporting in her real estate business in three to four years. Again, to the extent that evidence appears in the

record, it supports the trial court's findings, and no abuse of discretion has been shown. *Rieffel v. Rieffel*, 281 Ga. 891, 892 (1) (644 SE2d 140) (2007). See also *Fine*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008.

Jennifer L. Hadden, *pro se.*

*Tucker, Everitt, Long, Brewton & Lanier, John B. Long*, for appellee.