**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 1, 2022**

# In the Court of Appeals of Georgia

A22A1080. BYRNE v. BYRNE.

PHIPPS, Senior Appellate Judge.

Following our grant of her application for discretionary review, plaintiff Margo Byrne (the "mother") appeals from the trial court's final judgment and decree of divorce awarding Robert Byrne (the "father") primary physical custody of their children and equitably dividing the parties' assets and debts. The mother asserts that the trial court (1) abused its discretion in granting primary physical custody of the children to the father, (2) failed to consider an award of joint physical custody, (3) erroneously relied on evidence from a temporary hearing in making its final child custody determination, (4) improperly included in its award a provision limiting overnight guests of a custodial parent to family members, and (5) failed to adhere to

the parties' purported agreement regarding the sale of the marital residence. For the reasons that follow, we affirm.

The record shows that in October 2020, the mother filed an action for divorce against the father, seeking temporary and permanent legal and physical custody of the parties' twin children, who were five years old at the time, as well as financial support and property. The father answered and counterclaimed for joint legal and physical custody of the children, as well as an equitable division of property, debt, and expenses. Following a temporary hearing, at which both parties appeared, the court awarded primary physical custody of the children to the mother and visitation to the father. Approximately eight months later, the court held a bench trial, during which both parties testified. The court thereafter entered a final judgment and decree of divorce granting the parties joint legal custody of the children, but awarding permanent physical custody to the father and visitation to the mother. The court further equitably divided the parties' assets and debts. The mother appeals from this final judgment.

1. In a broad enumeration of error, the mother asserts that the trial court "committed harmful error in abusing its discretion as its decision was based upon

erroneous reasoning and an incorrect application of established Georgia law."[1] We find no error.

(a) The mother contends that the trial court abused its discretion in granting primary physical custody of the children to the father. However, a trial court in a divorce case has broad discretion in determining which parent is entitled to custody of the children. See *Newman v. Newman*, 223 Ga. 278, 281 (4) (154 SE2d 581) (1967). Although the mother argues in passing that the father did not request primary physical custody, a trial court — in exercising its discretion in what it determines to be the best interest of the children — may award custody to either parent. Id. In addition, while the mother generally asserts that "other evidence presented supports a conclusion that she was at least as fit to serve as a custodial parent as [the father], such evidence only presents a question of fact requiring the trial court's resolution under the proper standard," *Hadden v. Hadden*, 283 Ga. 424, 425 (2) (659 SE2d 353) (2008), and "it is the duty of the trial judge to resolve the conflicts in the evidence," *King v. King*, 284 Ga. 364, 365 (667 SE2d 30) (2008) (citation and punctuation omitted).

_____

[1] "For convenience of discussion, we have taken the enumerated errors out of the order in which [the mother] has listed them. . . ." *Foster v. Morrison*, 177 Ga. App. 250, 250 (1) (339 SE2d 307) (1985).

Where, as here, the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, [an appellate court] will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion. Where there is any evidence to support the decision of the trial court, [an appellate court] cannot say there was an abuse of discretion.

*Haskell v. Haskell*, 286 Ga. 112, 112 (1) (686 SE2d 102) (2009) (citations and punctuation omitted); accord *King*, 284 Ga. at 365.

The trial court in this case heard testimony at the final hearing from the father, mother, and maternal grandmother and concluded that although the parents were both very capable, the children would incur "stability and [the] least amount of conflict" if the court awarded primary physical custody to the father. The court specifically noted that the father is more cooperative and would allow the mother more access to the children than the mother would allow the father, and therefore concluded that "the better opportunity for co-parenting would be achieved by naming the father as primary physical custodian."

In making a custody award, a trial court "may properly consider each parent's fitness for custody, his character, his personality, and his general health." *Weaver v. Weaver*, 238 Ga. 101, 103 (2) (230 SE2d 886) (1976). In fact, OCGA § 19-9-3 (a) (3)

4

(N) specifically provides that in determining the best interest of the child for a custody award, a trial court may consider "[t]he willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child[.]" And OCGA § 19-9-3 (a) (3) (G) & (H) provide that a trial court may consider the desirability of maintaining continuity and stability in the child's life when determining the best interest of the child. Because there is evidence to support the trial court's conclusion that an award of primary physical custody to the father is in the best interest of the children in this case, we will not disturb that ruling. See OCGA § 19-9-3 (a) (3) (G), (H), (N); *Weaver*, 238 Ga. at 103 (2).

(b) The mother also argues that the trial court failed to include written findings of fact to support its conclusion that awarding physical custody of the children to the father provided the better opportunity for co-parenting. However, a trial court is not required to include in the final decree specific written findings of fact regarding the basis for the judge's decision unless a party requested such on or before the close of evidence. See OCGA § 19-9-3 (a) (8) ("If requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision

5

in making an award of custody . . . ."); see also OCGA § 9-11-52 (a) ("In ruling . . .

in all nonjury trials in courts of record, the court shall upon request of any party made

prior to such ruling, find the facts specially and shall state separately its conclusions

of law."). Because the record is devoid of any request by either party that specific

written findings of fact be included in the final judgment, none were required. See

*Hadden*, 283 Ga. at 424 (1).

Moreover, the decisions relied upon by the mother for the principle that a trial

court errs when it modifies a former custody arrangement but fails to provide insight

at the hearing or in the record as to why it did so are inapposite because those

decisions address modification or change of custody proceedings rather than an initial

award of custody. See *Longino v. Longino*, 352 Ga. App. 263 (834 SE2d 355) (2019);

*Johnson v. Hubert*, 175 Ga. App. 169 (333 SE2d 21) (1985); *Howard v. Fincher*, 161

Ga. App. 411 (288 SE2d 338) (1982). Under the statute governing an initial

determination of custody there is no requirement for the court to find a change in

circumstances and detail those findings in writing before deciding custody based on

the best interest of the children. See OCGA § 19-9-3. In fact, the Supreme Court of

Georgia has specifically held that a trial court may alter a temporary custody

determination without a demonstrated change in material condition. See *Hadden*, 283

Ga. at 425 (3). Accordingly, contrary to the mother's assertion, the trial court did not err by failing to include written findings of fact to explain its conclusion that awarding primary physical custody to the father provided the better opportunity for co-parenting.

2. In a related enumeration of error, the mother contends that the trial court erred by failing to consider the feasibility of a joint physical custody arrangement despite finding that she had been the primary caregiver until the final hearing and was "very capable." This argument lacks merit.

In *Baldwin v. Baldwin*, 265 Ga. 465, 465 (458 SE2d 126) (1995), the Supreme Court of Georgia held that "where . . . the trial court determines that both parents are fit and equally capable of caring for the child, the court must consider joint custody but is not *required* to enter such an order unless it specifically finds that to do so would be in the best interest of the child." 265 Ga. at 465 (emphasis in original). Here, the mother does not point to any language in the record substantiating her bare allegation that the trial court neglected to consider the feasibility of a joint physical custody arrangement. In fact, the trial court's comments at the final hearing appear to indicate that the court did consider joint physical custody. As indicated in Division 1 (a) of this opinion, the court concluded that the children would incur "stability and

7

[the] least amount of conflict" by awarding primary physical custody to the father because, according to the court, although both parents are very capable, the father "is more stable and is more cooperative and . . . will allow [the mother] to have more access than [the mother] would allow [the father.]" The court further stated in its final judgment that "[i]t appears the better opportunity for co-parenting would be achieved by naming the father as primary physical custodian." Because the record indicates that the trial court considered the best interest of the children, as discussed above in Division 1 (a), and considered, but rejected, the feasibility of a joint physical custody arrangement on that basis, this enumeration of error fails.

3. The mother contends that the trial court erred by relying on evidence from the temporary hearing in making its final custody determination without giving notice to the parties that it would do so. We find no error.

In *Pace v. Pace*, 287 Ga. 899, 901 (700 SE2d 571) (2010), the Supreme Court of Georgia held that "absent express notice to the parties, it is error for a trial court to rely on evidence from [a] temporary hearing in making its final custody determination." In reversing the lower court's decision and remanding the case to the trial court, the Supreme Court noted that "the trial court relied substantially on

testimony adduced at the temporary hearing in making its determination on permanent custody" and explained:

> Because of its interim nature and the need to expedite the temporary custody determination to minimize disruption to the children involved, the temporary order is not governed by the same rules of law as the permanent custody order . . . [and] the nature and quality of the evidence presented at a temporary hearing is likely to be different than that which is ultimately presented at the final hearing[.]

Id. at 900-901 (citation and punctuation omitted). Therefore, "parties should ordinarily expect that only that evidence which their opponent sees fit to offer at the final, more formal hearing will be relied on to support the permanent custody award." Id. at 901.

In this case, the mother has pointed to no specific temporary hearing testimony or evidence used by the trial court in rendering its final custody determination. Rather, she maintains — without citing any authority in support of her assertion — that the trial court violated the *Pace* directive by improperly considering the parties' demeanor and cooperativeness during the course of the pending litigation without notifying the parties that it would do so. Indeed, the trial court's final judgment indicates as follows: "Through the various hearings and course of [these] proceedings

the court has had multiple opportunities to assess the cooperativeness and demeanor of the parties and the directness of their communications." However, contrary to the mother's argument, a trial court's assessment of the parties' demeanor and cooperativeness throughout the proceedings does not constitute consideration of evidence "presented" at a temporary hearing, and a recitation in the trial court's final order that the court was aware of the parties' history does not trigger a violation of *Pace*. See generally *New v. Goss*, 327 Ga. App. 413, 414 (2) (759 SE2d 266) (2014) ("We review the evidence in a custody case in the light most favorable to upholding the trial court's determination, because the trial court had the opportunity to observe the demeanor and attitude of the parties and their witnesses and assess their credibility."); see also *Danforth v. Apple Inc.*, 294 Ga. 890, 895-896 (1) (c) (757 SE2d 96) (2014) (finding clear and convincing evidence to support the award of an injunction based, in part, on trial court's observation of the party's demeanor in the courtroom); *In the Interest of K. C. W.*, 297 Ga. App. 714, 719 (2) (b) (678 SE2d 343) (2009) (affirming termination of parental rights based, in part, on juvenile court's observations of the father's testimony and demeanor at the termination hearing); *Smalls v. State*, 242 Ga. App. 39, 40 (1) (528 SE2d 560) (2000) (finding no abuse of

discretion in trial court's denial of motion for continuance based, in part, on trial court's ability to observe party's demeanor in court).

Moreover, following the presentation of evidence at the final hearing, the trial court specifically noted that the father is more cooperative and that the children would incur the least amount of conflict if the father were awarded primary physical custody. The mother does not assert any error with regard to these rulings or identify any evidence demonstrating that the testimony or evidence presented at the final hearing did not support these rulings. Given the mother's failure to show that the trial court relied on testimony or evidence presented at the temporary hearing or that the testimony or evidence presented at the final hearing was insufficient to support the trial court's custody award, this enumeration fails.

4. The mother maintains that the trial court erred by including in the final judgment a provision limiting overnight guests to family members when the children are in a parent's custody. According to the mother, "[t]his condition of visitation . . . is not allowed under Georgia law." However, the mother's reliance on *Gordon v. Abrahams*, 330 Ga. App. 795, 797 (1) (769 SE2d 544) (2015) (physical precedent only), to support this proposition is misplaced because *Gordon* is not factually or legally on point. *Gordon* involved a modification — rather than an initial

11

determination — of custody, where this Court held that "a parent's cohabitation is not a basis for a change in custody absent some evidence of harm to the child." Id. As stated previously, under the statute governing an initial determination of custody there is no requirement for the court to find a change in circumstances or harm before deciding custody based on the best interest of the children. See OCGA § 19-9-3. Moreover, the overnight-guest provision is neither overly broad nor unduly burdensome, as it applies to both parties and only prohibits overnight stays by unrelated guests. See *Norman v. Norman*, 329 Ga. App. 502, 505 (765 SE2d 677) (2014) (affirming an overnight-guest provision because it was not overly broad or unduly burdensome). Accordingly, this enumeration of error lacks merit.

5. Finally, the mother contends, without citing any authority, that the trial court's final judgment does not require that the marital home be sold for its appraised value, as the parties purportedly agreed to do at the final hearing. First of all, the hearing transcript indicates that the parties agreed to have an appraisal of the home completed; an appraisal had not yet been done at the time of the hearing. Second, the transcript does not support the mother's argument that the parties "stipulated" to any specific amount or agreed that any such "stipulation" should be included in the trial court's final order.

The final decree states that the mother will return the marital home key to the father, that the father will list the marital home on the housing market, and that, once the house is sold, he must equally split the equity with the mother. The mother has not demonstrated that the trial court's provision regarding the sale of the marital home conflicts with any agreement by the parties, nor has she cited any legal authority to support her position that a court commits reversible error by not including in the final decree the method by which the property's value will be determined.

*Judgment affirmed. Doyle, P. J., and Reese, J., concur.*