A03A2538. McKLIN v. IVORY et al.
(596 SE2d 673)

MILLER, Judge.

Cassandra McKlin appeals pro se from the trial court's six-month protective stalking order, which order instructed McKlin to cease contact with Estercardo and Phyllis Ivory and their immediate family. On appeal McKlin specifically requested that the transcript of proceedings below be excluded from the appellate record. She contends on appeal that (1) the evidence was insufficient to support the six-month stalking order in light of conflicting evidence presented at the hearing and in light of the trial court's failure to give proper weight to certain evidence, and (2) despite the fact that the stalking

petition was verified by Phyllis (which petition resulted in a temporary protective order being issued prior to the six-month stalking order), the stalking petition itself was defective because it contained no signature. We discern no error and affirm.

The available record reveals that Phyllis filed a stalking petition against McKlin, claiming that McKlin mailed several harassing letters to her, constantly called Phyllis and her husband about an alleged relationship with the husband, and showed up at Phyllis's workplace. The verified petition further alleged that similar stalking acts may occur in the future, that the acts had no legitimate purpose, that the acts occurred without consent, and that such acts placed Phyllis in reasonable fear for her own safety and for the safety of her immediate family.

The court entered a temporary protective order and scheduled a hearing. Following the evidentiary hearing, the court entered a six-month protective stalking order, ordering McKlin to cease contact with Phyllis, her husband, and their immediate family. Following the denial of her motion for reconsideration, McKlin appeals.

1. Due to McKlin's decision to exclude the transcript of proceedings below, she cannot show error relating to the alleged evidence presented at the stalking hearing. See *Oliver v. Green*, 240 Ga. App. 439 (523 SE2d 68) (1999). Moreover, all of her alleged errors relating to the evidence presented at the hearing go to the weight of the alleged evidence presented and the credibility of witnesses, which we do not evaluate on appeal. See, e.g., *Harris v. State*, 234 Ga. App. 126 (1) (505 SE2d 49) (1998). McKlin's attempts to relitigate her case on appeal are without merit, and the absence of a transcript only underscores this point.

2. Assuming that McKlin actually objected to the form of the stalking petition below (which is not entirely clear from the record), we hold that her argument that the petition was defective is without merit. OCGA § 16-5-94 (c) requires only that a stalking petition be verified before a temporary protective order may be issued, not that the petition itself be signed. Here a verification signed by Phyllis accompanied the petition, verifying that the contents of the petition were true and correct. McKlin's argument that the petition was somehow defective is without merit.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 4, 2004 —
RECONSIDERATION DENIED MARCH 17, 2004.

Cassandra McKlin, *pro se.*

Estercardo Ivory, *pro se.*
Phyllis Ivory, *pro se.*