A04A1825. STEWART et al. v. CARDELLA.
(602 SE2d 915)

BLACKBURN, Presiding Judge.

Following a bench trial, James and Melisa Stewart, on behalf of their son, Adam Stewart, appeal the trial court's grant of a stalking 12-month protective order[1] preventing their son from contacting or coming near Kristen Schmitz, her brother Gregory Schmitz, and the rest of the Schmitz family. On appeal, the Stewarts contend that: (1) the evidence was insufficient to support the trial court's ruling; (2) the trial court erred by preventing them from making a closing argument following the presentation of evidence; and (3) the petition for the protective order was improperly filed. Because the trial court improperly denied the Stewarts an opportunity to make a closing argument, we are constrained to reverse and remand this case for a new trial.

1. The Stewarts contend that the evidence was insufficient to support the trial court's grant of a protective order against their son.[2] We disagree.

As we have set forth in the related area of protective orders

---

[1] See OCGA § 16-5-94.

[2] We note that the Stewarts' appellate counsel selectively argues the facts of record in favor of his clients, including an argument based on hearsay testimony explicitly excluded by the trial court. While we embrace the concept that every attorney must zealously represent his client, an attorney nonetheless has the ethical responsibility to accurately represent the evidence of record to this Court. We take this opportunity to remind the Stewarts' counsel of this obligation to confront and argue the evidence of record with this requisite candor.

regarding acts of family violence,[3]

> It is not our function to second-guess the trial court in cases such as this, which turn largely on questions of credibility and judgments as to the welfare of the child. The trial court is in the best position to make determinations on these issues, and we will not overrule its judgment if there is any reasonable evidence to support it.

(Punctuation omitted.) *Lewis v. Lewis*.[4] See also *McKlin v. Ivory*.[5]

In the light most favorable to the trial court's ruling, the record shows that Adam Stewart, his brother Noah Stewart, Kristen Schmitz, and her brother Greg Schmitz have been in a number of altercations, including one in which Greg Schmitz was beaten to the point that he suffered a concussion. Sometime after these altercations and several court proceedings between the parties, on October 9, 2003, Kristen Schmitz and her friend Jason LeBlanc were standing in the driveway of her home. At that time, Adam Hide drove by in his mother's white Jetta automobile. Adam Stewart, who was sitting in the passenger seat, screamed out the window, calling Greg Schmitz a "bitch" and threatening to kill him. During the bench trial, Kristen Schmitz positively identified Adam Stewart as the passenger in the car, and LeBlanc testified that the passenger yelled out the threats against Greg Schmitz. Adam Hide admitted driving the car on the date in question, although both he and Adam Stewart denied that Adam Stewart was in the car at that time.

This evidence amply supports the trial court's order entered pursuant to OCGA § 16-5-94. Nonetheless, the Stewarts maintain that the trial court erred by ignoring the contrary testimony of their witnesses. The trial court, however, explicitly found that the Stewarts' witnesses were not credible, and this Court has no power or authority to overturn that judgment. See *McKlin*, supra.

2. The Stewarts further contend that the trial court erred by denying their request to make a closing argument. Pursuant to our Supreme Court's recent decision in *Wilson v. Wilson*,[6] we are constrained to agree.

In *Wilson*, a bench trial divorce proceeding, the wife's counsel requested the opportunity to make a closing argument, and the trial court refused her request. The wife then appealed the trial court's decision, and, our Supreme Court determined that, in Georgia, "the

---

[3] See OCGA § 19-13-3.

[4] *Lewis v. Lewis*, 252 Ga. App. 539, 543 (2) (557 SE2d 40) (2001).

[5] *McKlin v. Ivory*, 266 Ga. App. 298 (596 SE2d 673) (2004).

[6] *Wilson v. Wilson*, 277 Ga. 801, 802 (1) (596 SE2d 392) (2004).

right to closing argument exists even in civil, non-jury trials, but may be precluded when no factual issues exist or when the parties waive the opportunity." Id. The Supreme Court further opined that "failure to object does not constitute a waiver since counsel's request of the trial court for closing argument was refused." (Punctuation omitted.) Id. at 803 (1).

In this case, the Stewarts indicated to the trial court their desire to make a closing argument, and the trial court refused to allow them to make one, just as in *Wilson*. As there were many disputed factual issues in this case and there is no evidence that the Stewarts waived their rights, the trial court erred by preventing them from making a closing argument. As such, we must reverse the trial court's order and remand this case for a new trial. Id.

3. As we must remand this case to the trial court for a new trial, we do not reach the Stewarts' remaining enumerations of error.

*Judgment reversed and case remanded. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 6, 2004.

*Mason, Harris & Bahr, William P. Mason, Brian J. Harris,* for appellants.
*Miles S. Cowan,* for appellee.