## S11F0229. ALEXANDROV v. ALEXANDROV.
### (709 SE2d 778)

THOMPSON, Justice.

Julie Anne Alexandrov (wife) and Alex Alexandrov (husband) were divorced by a March 2010 final judgment and divorce decree. Wife thereafter filed an application for discretionary appeal which this Court granted pursuant to the pilot project for family law cases. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003). Wife contends on appeal that the trial court erred by refusing to consider all of the evidence, denying her the right to make closing arguments, and making an award of attorney fees without holding a hearing. For the reasons that follow, we affirm.

1. Wife contends the trial court denied her right at trial to present evidence of husband's post-separation adultery. This enumeration of error, however, is not supported by the record. The record demonstrates wife testified at length about her suspicions of adultery and she cross-examined husband, over his objection, concerning her allegations. Nowhere in the record is there any indication of the trial court's refusal to admit tendered evidence with regard to this issue.

Similarly, we find no evidence the trial court failed to consider admitted documentary evidence pertaining to husband's income and assets before rendering its decision. The trial court orally announced its findings and conclusions after a one-day bench trial, during which the parties presented substantial documentary and testimonial evidence of the parties' financial circumstances. The trial court's oral findings clearly demonstrate its familiarity with the evidence and the final judgment reflects it was entered after consideration of all of the evidence. See OCGA § 19-6-5 (a). Contrary to wife's argument, the court's general statements that it was "not considering anything until I hear the case. I haven't finished hearing the case," made in response to counsel's inquiry about the relevancy of possible rebuttal evidence, does not confirm that the court failed to "examine and consider the evidence."

2. Wife also contends she was denied the right to make a meaningful closing argument when the trial court limited her closing to seven minutes. This Court held in *Wilson v. Wilson*, 277 Ga. 801 (1) (596 SE2d 392) (2004), that the right to closing argument in civil,

non-jury trials is absolute and a party does not waive the right to closing argument where a request for closing argument is refused by the trial court. Although a party has a right to closing argument when requested, it is within the trial court's discretion to limit closing argument with respect to time and content. *Wilson*, supra, 277 Ga. at 802.

Here, wife was granted the right to make limited closing argument despite her failure to request it, and after the trial judge indicated he would grant her seven minutes for closing, the same amount of time used by husband, wife made no indication to the court that she desired additional time or to cover additional content. Instead, counsel responded, "yes, judge," and proceeded with her arguments. Thus, regardless of the propriety of the trial court's temporal limitation of argument, wife waived her right to raise this issue on appeal by failing to specifically object to it at trial. "[A] party cannot ignore during trial that which he or she thinks to be error, take a chance on a favorable outcome, and complain later." *Facey v. Facey*, 281 Ga. 367, 368-369 (638 SE2d 273) (2006).

3. The issue of attorney fees was reserved at the end of trial and the parties agreed to an informal procedure that required them to submit within ten days a formal motion for fees with an accounting of attorney time, as well as a request for hearing on the same, if so desired. Wife stated no objection to this procedure and although she filed a motion for fees, she did not include a request for a hearing. The court subsequently awarded wife $1,073.62 representing the expenses incurred by wife's counsel as detailed in her motion but denied the remainder of her request because she failed to present any evidence regarding the work performed or the reasonableness of the fees.[1] On appeal, wife argues the trial court erred by not sua sponte conducting a hearing to allow her to present additional evidence before ruling on her motion.

Pretermitting whether wife waived her right to raise this issue on appeal by failing to request a hearing, we conclude the trial court did not err. A trial court may award or decline to award attorney fees sought under OCGA § 19-6-2 (a) (1) based on evidence of the financial circumstances of the parties presented at trial and based on the judge's ability to "plac[e] a value on the legal services rendered by an attorney in a divorce action." *Webster v. Webster*, 250 Ga. 57, 58 (295 SE2d 828) (1982). See *Bulat v. Bulat*, 280 Ga. 310, 310-311 (626

---

[1] Although no fee motion is included in the appellate record, it appears undisputed that wife sought $53,464 in fees and expenses and she included with her motion a detailed itemization of actual expenses incurred but not an accounting of how the attorney time was spent or what work was performed on the case, instead accounting only for the total number of attorney hours worked.

SE2d 504) (2006); McConaughey, Georgia Divorce, Alimony and Child Custody (2007 ed.), §§ 8-7, 8-8. Inasmuch as the trial court was not required to hold a hearing on the issue of fees, it was not error to rule on the fee motion without holding a hearing.

4. Husband's motion to dismiss the appeal and impose sanctions is hereby denied.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 18, 2011.

*Callner, Portnoy & Strawser, Kathy L. Portnoy, Kynna M. Duncil,* for appellant.
*Jean M. Kutner, Deborah M. Lubin,* for appellee.