**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 2, 2015**

# In the Court of Appeals of Georgia

A14A1453. GORDON v. ABRAHAMS.

MILLER, Judge.

Randall Gordon petitioned for modification of the child custody and support terms that had been established by settlement agreement with his child's mother, Arlene Abrahams. The trial court denied Gordon's petition and ordered Gordon to pay attorney fees and Guardian ad Litem ("GAL") fees. Gordon appeals, contending that the trial court erred in (1) refusing to modify custody based on changed circumstances; (2) denying his request for additional closing argument; and (3) awarding fees. For the reasons that follow, we affirm.

We will affirm a trial court's decision on a petition to change custody if there is any reasonable evidence in the record to support it. When reviewing a child custody decision, this Court views the evidence presented in the light most favorable to upholding the trial court's order.

(Citations and punctuation omitted.) *Lynch v. Horton*, 302 Ga. App. 597 (692 SE2d 34) (2010).

So viewed, the record shows that Gordon and Abrahams are the parents of a ten-year-old son. Gordon and Abrahams never married and after they separated, Gordon legitimated the child. Following mediation, the parties entered into a settlement agreement in June 2011 regarding custody and support. Pursuant to the settlement agreement, Gordon and Abrahams shared joint legal custody of their son and Abrahams had primary physical custody, with Gordon enjoying liberal visitation. In August 2011, Gordon petitioned for a change of child custody and support, seeking primary physical custody of the child and a morality clause to prevent Abrahams from having overnight guests.

Much of the evidence at the hearing on Gordon's petition focused on Abrahams's boyfriend. A few days after Gordon filed his petition, the child reported to Gordon that Abrahams's boyfriend had tickled him and he did not like it. Gordon suspected child abuse and took the child to the doctor for a physical exam; he also reported his suspicions to the police and the Division of Family and Children Services

2

("DFCS"). Ultimately, the authorities found no evidence of abuse; no charges were ever brought against Abrahams's boyfriend; and DFCS never opened a case.

Abrahams's boyfriend had been convicted in California in 1998 of unlawful sexual intercourse with a minor more than three years younger than him. However, aside from the tickling incident, there were no allegations that Abrahams's boyfriend had sexually abused or acted improperly towards Abrahams's and Gordon's son, or towards Abrahams's teenaged daughter.

Abrahams's boyfriend does not live with her, but he stays at her home approximately two weekends a month and spends the night during those visits. At the time of the hearing, Abrahams's boyfriend was married to a different woman but had filed for divorce.

Abrahams is a member of the National Guard, for which she receives income, but she is also financially reliant on her boyfriend. Abrahams was sometimes late on her rent and had twice been threatened with eviction from her apartment. After they separated, Gordon co-signed Abrahams's lease, but he subsequently removed himself from the lease. Abrahams's boyfriend was then substituted as co-signor and he obtained rental insurance for her apartment.

Although the GAL expressed concern that Abrahams was involved with a married man and somewhat financially unstable, he recommended that Abrahams retain primary physical custody of the child. The GAL also found that both Abrahams and Gordon enjoyed great relationships with the child.

Following the hearing, the trial court found no material change in circumstances. This appeal ensued.

1. Gordon contends that the trial court erred in finding no changed circumstances. We disagree.

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. The evidence sufficient to warrant a modification of custody can consist of a change in material conditions which have a positive effect on the child's welfare as well as changes which adversely affect the child.

(Citation and punctuation omitted.) *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012).

Gordon argues that the trial court erroneously considered only the change in circumstances that occurred during the two-month period between the entry of the

settlement agreement and the filing of his petition. However, it is clear from the trial court's final order that it considered all of the evidence before it, including the facts that existed before the first custody order as well as events that occurred before and after Gordon filed his petition. Specifically, the trial court found that Gordon knew about Abrahams's relationship with her boyfriend by March 2011, well before the parties entered into the settlement agreement in June of that year.[1] The trial court determined that, although Gordon's home was more peaceful and pleasant, and Gordon was more financially stable, he had not shown a material change in circumstances.

Gordon also argues that Abrahams was living with her boyfriend, which constituted a change in circumstances. However, a parent's cohabitation is not a basis for a change in custody absent some evidence of harm to the child. See *Moses v. King*, 281 Ga. App. 687, 691-692 (1) (637 SE2d 97) (2006) (trial court erred in modifying custody where mother's cohabitation was not new or having an adverse affect on the child); *Livesay v. Hilley*, 190 Ga. App. 655, 656-657 (2) (379 SE2d 557) (1989) (where mother's cohabitation had no adverse affect on the child, it did not

---

[1] Gordon testified that he first learned of Abrahams's relationship in July 2011, but he later admitted that he had learned from his son that Abrahams was romantically involved with her boyfriend in March 2011, prior to the first custody order.

justify a change in custody). Here, the evidence showed that Abrahams's boyfriend did not live with her. Even if Abrahams and her boyfriend were cohabitating, there were no evidence that this relationship was a material change of condition having an adverse affect on the child. Thus, there was reasonable evidence to support the trial court's decision to deny Gordon's petition.

2. Gordon contends that the trial court erred by denying him an opportunity to present additional closing argument. We discern no error.

OCGA § 9-10-186 pertinently provides:

> In civil actions, where the burden of proof rests with the plaintiff, the plaintiff is entitled to the opening and concluding arguments except that if the defendant introduces no evidence or admits a prima-facie case, the defendant shall be entitled to open and conclude.

It is reversible error for a trial court to refuse completely the plaintiff's request to make a closing argument. See *Wilson v. Wilson*, 277 Ga. 801, 804 (1) (596 SE2d 392) (2004). "Although a party has a right to closing argument when requested, it is within the trial court's discretion to limit closing argument with respect to time and content." *Alexandrov v. Alexandrov*, 289 Ga. 126, 127 (2) (709 SE2d 778) (2011).

At the hearing on Gordon's petition, after the close of evidence, Gordon's trial counsel made his closing argument. Then, after Abrahams's trial counsel gave his

6

closing statement, Gordon's trial counsel requested "a brief rebuttal," which the trial court denied.

From the transcript of the hearing, it is not clear whether the trial court interpreted Gordon's trial counsel's request for a "rebuttal" as a request for a final closing argument or a request to reopen the case and present other evidence.[2] Pretermitting the question of whether Gordon waived this claim of error by failing to clarify his request to the trial court, we find that the trial court did not abuse its discretion in refusing Gordon's request for more argument. See *Alexandrov*, supra, 289 Ga. at 127 (2). Although Gordon argues that reversal is required because he was completely denied his right to closing argument, his contention is belied by the record. Compare *Wilson*, supra, 277 Ga. 804 (1) (party not permitted to make any closing argument); *Stewart v. Cardella*, 269 Ga. App. 32, 33-34 (2) (602 SE2d 915) (2004) (same).

3. Gordon contends that the trial court erred in awarding Abrahams's attorney fees and in awarding fees to the GAL.

---

[2] "It is generally not error to refuse a reopening of the case after both parties have closed, and the trial court's decision to deny a party permission will not be reversed absent a manifest abuse of discretion." (Citation omitted.) *Driver v. Driver*, 292 Ga. 800, 805 (5) (741 SE2d 631) (2013).

(a) Gordon contends that the trial court did not have the authority to enter an award for attorney fees or GAL fees because the trial court did not expressly reserve the issues in its final order. We disagree.

Gordon requested the appointment of the GAL in August 2011. In October 2011, the trial court appointed the GAL and indicated that it would decide the issue of fees later.

Both Gordon and Abrahams requested attorney fees prior to the hearing on Gordon's petition for modification of custody and, at the start of the hearing, Gordon requested that the trial court reserve the issue of attorney fees until the conclusion of the matter.[3] At the close of the hearing, the trial court indicated that it would do so. After the trial court issued its order denying modification in February 2013, which made no mention of fees, Abrahams's counsel submitted a letter brief in support of his claim for $6,700 in attorney fees. At the hearing on Gordon's new trial motion, Abrahams's trial counsel presented evidence as to his rate and bills. In August 2013,

---

[3] "A party cannot claim error where he himself committed or invited the error." (Citation and punctuation omitted.) *Adamson v. Gen. Elec. Co.,* 303 Ga. App. 741, 743 (2) (694 SE2d 363) (2010).

the trial court awarded Abrahams $4,500 in attorney fees pursuant to OCGA § 19-9-3 (g) and ordered Gordon to pay two-thirds of the GAL fees.

Gordon argues that the trial court did not have the authority to enter an order for attorney fees or GAL fees outside the term of court in which it entered the order denying modification. See OCGA § 15-6-3 (3) (setting forth terms of court for Fulton County Superior Court). The trial court's order denying Gordon's petition for modification, however, did not address the issue of attorney fees, which was pending, and an order adjudicating fewer than all the claims is not final. See OCGA § 9-11-54 (b). Here, the fact that the term during which the trial court denied the modification had expired was of no consequence because there was no final judgment until the reserved issues of attorney fees and GAL fees were resolved. See *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010).

(b) Gordon contends that the trial court erred in awarding attorney fees because there was no showing that the fees were necessary. Again, we disagree.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." (Citation omitted.) *Moon v. Moon*, 277 Ga. 375, 379 (6) (589 SE2d 76) (2003). Here, the trial court specified that it was awarding attorney fees pursuant to OCGA § 19-9-3 (g), which authorizes the trial court to

"order reasonable attorney's fees and expenses of litigation, experts, and the child's guardian ad litem and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge." The trial court has wide discretion to award attorney fees under OCGA § 19-9-3 (g). See *Moore v. Moore-McKinney*, 297 Ga. App. 703, 712 (4) (678 SE2d 152) (2009).

In support of the request for fees, Abrahams's counsel submitted a letter brief requesting $6,700 in attorney fees to date, noting that he had prepared discovery and entered into settlement negotiations. At the hearing on fees, Abrahams's trial counsel requested $9,700 in fees to date. Abrahams's counsel testified that his rate was $150 per hour; that he was in his fourth year of practice; that his work was overseen by a partner who billed $250 per hour; that he had worked on the case for 55.4 hours prior to the hearing; and that the fees were reasonable. Abrahams's counsel offered his billing statements to the trial court for in camera inspection. and Gordon cross-examined Abrahams's counsel as to the billing records.[4]

Given trial counsel's testimony and cross-examination, we cannot say that the trial court abused its discretion in determining the amount of attorney fees to award.

---

[4] The billing records were not admitted into evidence.

10

See *Fulton County Bd. of Assessors v. Greenfield Inv. Group, LLC*, 314 Ga. App. 523, 526 (2) (724 SE2d 828) (2012).

(c) Gordon contends that the trial court erred in awarding fees to the GAL absent an application. We discern no error.

As set forth above, OCGA § 19-9-3 (g) authorizes the trial court to order reasonable fees for the GAL. Uniform Superior Court Rule 24.9 (8) (g) provides that:

> [i]t shall be within the [trial court's] discretion to determine the amount of fees awarded to the GAL, and how payment of the fees shall be apportioned between the parties. The GAL's requests for fees shall be considered, upon application properly served upon the parties and after an opportunity to be heard, unless waived.

At the modification hearing, the GAL testified that his fees were $6,200. Following the fees hearing, in which Abrahams asked the trial court to order Gordon to pay the GAL fees since Gordon had requested the appointment, the trial court ordered Gordon to pay two-thirds of the GAL fees and ordered Abrahams to pay the remaining one-third of the fees.

At the time of the modification hearing, Gordon raised no objection to the GAL fees and requested no hearing on the matter. Accordingly, he waived any objection to the GAL fees. As to the apportionment of the fees, Gordon has not shown that the

11

trial court abused its discretion. See *Salmon-Davis v. Davis*, 286 Ga. 456, 458-459 (3) (689 SE2d 303) (2010).

*Judgment affirmed. Doyle, P. J., concurs fully. Dillard, J., concurs in judgment only as to Division 1 and concurs fully as to Divisions 2 and 3.*