**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 18, 2021**

# In the Court of Appeals of Georgia

A21A0553. COCKERHAM v. COCKERHAM.

BARNES, Presiding Judge.

Scott Cockerham, the father of the minor child, C. C., filed a petition for modification of the parental time designated in his 2014 divorce from the mother, Barbara Cockerham. In his petition, the father requested that he be given equal parenting time with the mother. The divorce decree provided that the couple share joint custody of C. C., with the mother having primary physical custody. The decree also provided that the father's parenting time included overnight every Wednesday and every other weekend from Friday after school until Monday morning.

The mother answered and counterclaimed for an increase in child support. The mother also requested that the father be required to pay her attorney fees, that the guardian ad litem who was appointed for a former modification be appointed, and that

the father pay the associated costs for the appointment. The mother filed a subsequent motion for the appointment of a guardian ad litem, and the father filed a response opposing the motion. According to the father, the appointment of a guardian ad litem is unnecessary in an action to modify parenting time as it would "unreasonably and inappropriately expand [the] litigation." Thereafter, by consent order, the parties agreed to the appointment of the guardian ad litem, with the father responsible for the retainer and invoices, and with the Court granted the "authority to re-apportion said fees and expenses between the parties as the Court deems just and proper at the conclusion of this case."

The parties also entered into a consent order for settlement of the mother's counterclaim to modify the child support. Per the consent order, the child support was increased to $3500 per month.

Following a hearing, the court entered a final order modifying the father's parenting time to extend his time with C. C. from Thursday after school until Monday morning, rather than the requested equal time. The trial court awarded the mother attorney fees of $5,706 as the prevailing party for her counterclaim for child support pursuant to OCGA § 19-6-15 (k), and attorney fees of $25,000 pursuant to OCGA § 19-9-3 (g) for her defense of the father's petition to modify parenting time. The trial

2

court further directed that the father pay the $5,100 outstanding balance owed to the guardian ad litem.

The father now appeals from that order. He contends on appeal that the trial court erred by failing to make requested findings of facts and conclusions of law pursuant to OCGA §§ 9-11-52 and 19-9-3 (a) (8), and by denying his motions for a continuance and to remove the guardian ad litem. He further challenges the final order as violative of his constitutional rights to parent his child, and contends that the trial court permitted into evidence hearsay testimony over his objection. For the reasons that follow, we vacate that portion of the trial court's final order modifying the parenting time, affirm the award of fees, and remand the case for further consideration consistent with this opinion.

In any case in which a judgment has been entered awarding the custody of a minor, on the motion of any party or on the motion of the court that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration. The trial judge is fully authorized to modify visitation rights in a minor child without the necessity of any showing of a change in conditions. Modification of child visitation rights is a matter of discretion with the trial court and may be based upon the existing circumstances even if they have not changed since the prior award.

(Citations and punctuation omitted.) *Tirado v. Shelnutt*, 159 Ga. App. 624, 626 (2) (284 SE2d 641) (1981); *Stanford v. Pogue*, 340 Ga. App. 86, 796 SE2d 313 (2017) ( finding that under OCGA § 19-9-3(b), a court may periodically review and modify the visitation portion of a custody judgment without a showing of a change in any material condition or circumstance). See also *Gildar v. Gildar*, 309 Ga. App. 730, 731-732 (710 SE2d 913) (2011) ("[M]odification of child visitation rights is a matter of discretion with the trial court. If reasonable evidence exists in the record to support the trial court's decision to change visitation rights, then the decision of that court will stand. The trial court's decision will not be overturned absent abuse of discretion.") (punctuation and footnotes omitted).

1. We first note that per this Court's rules, the appellant's brief is required to contain "a statement of the method by which *each* enumeration of error was preserved for consideration." (Emphasis supplied.) Court of Appeals Rule 25 (a) (1). Here, the father merely states that, "[a]ll of the issues raised in Father's Enumeration of Errors are preserved on the record, specifically but not exclusively in the Transcript of the final trial on August 20, 26, and 27, 2020, the Transcript of the hearing on October 7, 2019, and in Father's Petition."

This Court will not cull through the appellant's entire record to ensure that each enumeration was preserved for review. *Drew v. Istar Financial*, 291 Ga. App. 323 (661 SE2d 686) (2008). "Accordingly, if we have missed something in the record or misconstrued an argument, the responsibility rests with counsel" for the father. (Citation and punctuation omitted.) *Pruitt v. State*, 323 Ga. App. 689, 690 (1) (747 SE2d 694) (2013). Moreover, if the error was not specifically preserved for review, this "[C]ourt will not consider an issue raised for the first time on appeal, because the trial court has not had the opportunity to consider it." (Punctuation and footnote omitted.) *Sitton v. Print Direction, Inc.*, 312 Ga. App. 365, 370 (3) (718 SE2d 532) (2011).

2. The father first contends that the trial court erred by failing to make requested findings of facts pursuant to OCGA § 9-11-52 and OCGA § 19-9-3 (a) (8). The father notes that he requested such findings and conclusions during the hearing, and that the trial court affirmed that it would "make findings of fact." Instead, according to the father, the final order did not include any findings with regard to the best interests of C. C., or factual basis for the award of the attorney fees or the trial court's edict that he pay the remaining guardian ad litem fees.

The trial court's two-page order contained seven paragraphs. The first paragraph stated that "[t]his case concerns the Parties' minor child [C. C.], a thirteen-year-old boy born in 2007." Paragraph two provided that:

This Court finds that it is in [C. C']s best interests for this Court to slightly modify Father's parenting time with [C. C.] as follows: Father shall have the right to visit with [C. C.] on every other weekend from Thursday at 3pm (or release from school) until the following Monday morning at 9am (or return to school). During Father's weekend visits, [C. C.] shall be with Father all day on Friday.

Paragraphs three through five directed that the father pay attorney fees related to the mother prevailing in her counterclaim for increased child support and the defense of his petition to modify the parenting time, and further directed that he pay a remaining balance owed to the guardian ad litem of approximately $5,100. In paragraph six, the trial court observed:

This Court finds it very disturbing that Father would use profanity in email and could not restrain himself from doing so knowing full well it would be introduced into evidence at the upcoming trial. The Court draws an adverse inference against Father: if Father will say something

profane in writing in the Court's view, then Father likely communicates even worse things orally, when there is no written record.[1]

The order concluded with paragraph seven, in which the trial court, in essence, directed the couple to treat each other civilly around C. C.

The father contends that "arguably" the only factual finding in the order is the trial court's observation about his use of an expletive in an email but there was no further explanation as to its relevance on the best interest of C. C., or the factors in OCGA § 19-9-3 (a) (3). Likewise, he argues, the trial court's directives regarding the attorney fees awards and guardian ad litem fees are similarly lacking in factual findings.

OCGA § 9-11-52 (a) provides:

In ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law. If an opinion or memorandum of decision is filed, it will be sufficient if the findings and conclusions appear therein. Findings shall not be set aside unless clearly erroneous, and due regard shall be given

---

[1] The trial court was referencing an email exchange introduced into evidence between the couple in which Scott wrote "fuck you," and referred to Barbara as a "greedy bitch."

to the opportunity of the trial court to judge the credibility of the witnesses.

OCGA § 19-9-3 (a) (8) also provides for factual findings, "[i]f requested by any party on or before the close of evidence in a contested hearing." The statute directs that, if so requested, "the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge as set forth in paragraph (3) of this subsection."[2]

According to the mother, the trial court's substantive finding as to the father's use of expletives was sufficient. In support of her contention, she points to the evidence at trial, including the written communications containing expletives, which, the mother asserts, reflected the father's lack of self control and use of profanity in C. C.'s presence and was a relevant factor the trial court could consider in modifying

---

[2] See *Selvage v. Franklin*, 350 Ga. App. 353, 356 (1) (829 SE2d 402) (2019) (vacating portion of order related to visitation and remanding the case with instructions for the trial court to enter an order providing findings of fact and conclusions of law" because the father was entitled to requested findings of facts under OCGA §§ 19-9-3 (a) (8), 9-11-52 (a)).

parenting time.[3] The mother argues that the father's use of profanity and lack of self-

_____

[3]OCGA § 19-9-3 (a) (3) provides:

In determining the best interests of the child, the judge may consider any relevant factor including, but not limited to:

(A) The love, affection, bonding, and emotional ties existing between each parent and the child;

(B) The love, affection, bonding, and emotional ties existing between the child and his or her siblings, half siblings, and stepsiblings and the residence of such other children;

(C) The capacity and disposition of each parent to give the child love, affection, and guidance and to continue the education and rearing of the child;

(D) Each parent's knowledge and familiarity of the child and the child's needs;

(E) The capacity and disposition of each parent to provide the child with food, clothing, medical care, day-to-day needs, and other necessary basic care, with consideration made for the potential payment of child support by the other parent;

(F) The home environment of each parent considering the promotion of nurturance and safety of the child rather than superficial

9

or material factors;

(G) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

(H) The stability of the family unit of each of the parents and the presence or absence of each parent's support systems within the community to benefit the child;

(I) The mental and physical health of each parent, except to the extent as provided in Code Section 30-4-5 and paragraph (3) of subsection (a) of Code Section 19-9-3 and such factors as provided in Code Section 15-11-26;

(J) Each parent's involvement, or lack thereof, in the child's educational, social, and extracurricular activities;

(K) Each parent's employment schedule and the related flexibility or limitations, if any, of a parent to care for the child;

(L) The home, school, and community record and history of the child, as well as any health or educational special needs of the child;

(M) Each parent's past performance and relative abilities for future performance of parenting responsibilities;

control was also relevant to the trial court's consideration of the OCGA § 19-9-3 (a) (3) best interest factors, including she contends, the nurturance of the child (OCGA § 19-9-3 (a) (3) (F)), the father's potentially troublesome disposition (OCGA § 19-9-3 (a) (3) (3) (C)), and a poor or unstable home environment (OCGA § 19-9-3 (a) (3) (F), (H)). She maintains that this evidence was sufficient to be dispositive as to the issue of the modification of C. C.'s parenting time, and thus the trial court's written finding thereto was made on an issue "necessary to a disposition of the cases and

---

(N) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child;

(O) Any recommendation by a court appointed custody evaluator or guardian ad litem;

(P) Any evidence of family violence or sexual, mental, or physical child abuse or criminal history of either parent; and

(Q) Any evidence of substance abuse by either parent.

11

upon which the judgment was entered,"quoting *Siegel v. Gen. Parts Corp.*,165 Ga. App. 339, 340 (1) (301 SE2d) (1983).

When setting forth factual findings and conclusions under OCGA § 9-11-52 (a),

> [t]he trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached. A mere recitation of the events that took place at the trial does not satisfy the requirements of OCGA § 9-11-52 (a). Furthermore, a bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions.

(Citations and punctuation omitted.) *In re D.L.G.*, 212 Ga. App. 353, (442 SE2d 11) (1994). See *Moore v. Farmers Bank of Union Point*, 182 Ga. App. 94, 95 (1) (354 SE2d 692) (1987), overruled on other grounds, *Underwood v. Underwood*, 282 Ga. 643, 651 SE2d 736 (2007) (noting that "the findings of fact and separate conclusions of law contained in the order" should "disclose to this court the steps by which the trial court reached its ultimate conclusion on each factual issue").

Here, it is clear that the father requested factual findings, and contrary to the mother's contention otherwise, we cannot say that the trial court's factual observation about the father's use of expletives in an email and "adverse inference" that he

12

communicated "worse things orally" satisfied the requirements of OCGA § 9-11-52 (a) or OCGA § 19-9-3 (a) (8). While the trial court found that it was in C. C.'s best interest to modify the father's parenting time to include Thursdays, it is unclear from the order why the trial court modified the parenting time but declined to give the father equal parenting time, or the relevance of the factual finding regarding the email to its determination. Thus, we vacate the order modifying the father's parenting time and remand the case for the trial court to enter the father's requested findings of facts and conclusions of law. See *Warren v. Smith*, 336 Ga. App. 342, 344-345 (785 SE2d 25) (2016) (vacating trial court's custody order and remanding case where father requested findings of fact and conclusions of law and order failed to provide such).

2. The trial court awarded the mother attorney fees of $5,706 as the prevailing party for her counterclaim for child support pursuant to OCGA § 19-6-15 (k), and attorney fees of $25,000 pursuant to OCGA § 19-9-3 (g) for her defense of the father's petition to modify parenting time. The trial court further directed that Scott pay the $5,100 outstanding balance of the guardian ad litem fee.

*Attorney fees*

> As a general rule, an award of attorney fees and expenses of litigation are not available to the prevailing party unless authorized by

13

statute or contract. To determine the statutory basis for a trial court's award of attorney fees, we look to whether the trial court's order cites a statutory basis for the award or tracks any statutory language, whether the party seeking attorney fees specified the statutory basis for awarding the fees, and whether the record reveals the basis of the award.

(Citation and punctuation omitted.) *Moore v. Hullander*, 345 Ga. App. 568, 570 (2) (d) (814 SE2d 423) (2018). In his challenge to the award of attorney fees to the mother, the father asserts that the trial court failed to set forth factual findings for the award in its order.

OCGA § 19-6-15 (k) (5) provides for attorney fees, directing that "[i]n proceedings for the modification of a child support award pursuant to the provisions of this Code section, the court may award attorney's fees, costs, and expenses of litigation to the prevailing party as the interests of justice may require." Likewise, under OCGA § 19-9-3 (g), a trial court

may order reasonable attorney's fees and expenses of litigation, experts, and the child's guardian ad litem and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge.

"The trial court has wide discretion to award attorney fees under [these statutes]." *Gordon v. Abrahams*, 330 Ga. App. 795, 799 (3) (b) (769 SE2d 544) (2015). In the

14

exercise of its discretion, the trial court may only award damages under the statutes "if there is sufficient proof of the actual costs and the reasonableness of those costs." (Citation and punctuation omitted.) *Jackson v. Sanders*, 333 Ga. App. 544, 561 (6) (773 SE2d 835) (2015).

The father has provided no authority, nor are we aware of any, that mandates that upon the determination of a statutory basis for the award of attorney fees pursuant to OCGA § 19-9-3, the trial court must also set forth factual findings. The father does not challenge the evidence or reasonableness of the award, or that the trial court abused its discretion in awarding such fees. Indeed, we have held that

> [w]hen there is more than one statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary to support an award is stated in the order and a review of the record does not reveal the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it.

(Punctuation omitted.) *Hall v. Hall*, 335 Ga. App. 208, 211 (2) (780 SE2d 787) (2015). *Leggette v. Leggette*, 284 Ga. 432 (668 SE2d 251) (2008) (finding that "if a trial court fails to make findings of fact sufficient to support an award of attorney fees under either [OCGA] § 19-6-2 or § 9-15-14, the case must be remanded to the trial

15

court for an explanation of the statutory basis for the award and any findings necessary to support it.")

This was not a case with *neither* a statutory basis *nor* findings; here, the trial court's order specifically provided a statutory basis for the awards. The father does not challenge the evidentiary basis or reasonableness of such awards, and our review of the record reflects that at the hearing on the petition the mother's attorney provided detailed billing records of the costs associated with the both attorney fees claims. See *Reynolds v. Clark*, 322 Ga. App. 788, 791 (1) (746 SE2d 266) (2013) (generally "[e]vidence must be presented from which the trial court can determine what portion of the total amount of attorney time and litigation expenses was attributable to the pursuit or defense of claims for which attorney fees are recoverable and what portion of the attorney's time was spent on matters that are not recoverable"). Thus, this contention fails.

*Guardian Ad Litem Fees*

The father also contends that the trial court erred by also ordering that he pay the guardian ad litem's outstanding balance. As previously noted, the trial court has wide discretion pursuant to OCGA § 19-9-3 (g) to award fees and expenses related to C. C.'s guardian ad litem. *Gordon*, 330 Ga. App. at 799 (3). Here, notwithstanding

16

the trial court's discretion to award expenses related to the guardian ad litem, the father agreed to be held responsible for the guardian ad litem fees and to the trial court's judgment regarding how the fees would be paid.

> [A] consent order constitutes a binding agreement between the parties with regard to their respective rights and obligations. … Both parties signed the [consent order], and the [order] became a binding contract between the parties. Competent parties are free to choose, insert, and agree to whatever provisions they desire in a contract unless prohibited by statute or public policy.

(Citation and punctuation omitted.) *State Farm Fire & Cas. Ins. Co. v. Terry*, 230 Ga. App. 12, 14 (2) (495 SE2d 66) (1997). Moreover, "a litigant cannot submit to a ruling, acquiesce in it, and still complain of the same." (Citation and punctuation omitted.) *Beloate v. Peden*, 328 Ga. App. 64, 68 (2) (761 SE2d 487) (2014).

4. The father next contends that the trial court erred in denying his motion for a continuance. He alleges that the guardian ad litem failed to, among other things, afford the father the opportunity for feedback before submitting his written recommendations and opinions, and failed to amend his report with findings from an updated investigation, although, according to the father, the mother's counsel was given the opportunity for feedback with the updated information. The father asserts

17

that this failure to apprise him of the updated information until the day of the hearing was akin to submitting a surprise witness at trial. Thus, he contends, as the mother received additional information from the guardian ad litem, it was error for the trial court to deny his motion for a continuance.

> The denial of a motion for a continuance
>
> is addressed to the sound discretion of the trial court, and this Court will not interfere unless it is clearly shown that the court abused its discretion. The trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. Broad discretion must be granted trial courts on matters of continuances.

(Citation and punctuation omitted.) *Tyner v. State*, 313 Ga. App. 557, 560 (3) (722 SE2d 177) (2012).

Here, despite the father's contention, the record does not reveal that he actually moved for a continuance, but rather that his counsel requested that, "I'd like to be able to talk to my -- my client and my co-counsel about whether we want to ask for a continuance." The exchange with the trial court came in conjunction with the father's motion to remove the guardian ad litem, and the trial court responded that,

18

in addition to denying the motion to remove the guardian ad litem, "I deny your motion for a continuance."

Pretermitting whether this peremptory denial was error, the father does not say what this additional information was or how his lack of access to the information impacted the trial court's decision. In other words, he has not demonstrated that he was prejudiced by the trial court's denial of a continuance that he never actually requested. "The appellant must also show that harm resulted from the denial of the continuance." *In the Interest of M. H. W.*, 275 Ga. App. 586, 591 (2) (621 SE2d 779) (2005). This he has not done, and thus this contention fails.

5. Likewise, we conclude that the trial court did not err in denying the father's motion to remove the guardian ad litem. The father asserts that the guardian ad litem expanded and reopened his investigation in the days before the hearing, and that the investigation included, among other things, another meeting with C. C., and additional input from the mother. According to the father, he was excluded from any further input or updates about the investigation results, which he maintains, called into question the guardian ad litem's impartiality.

"A trial court's decision not to disqualify a guardian ad litem is reviewed for an abuse of discretion." *Murphy v. Murphy*, 328 Ga. App. 767, 772 (2) (759 SE2d

19

909) (2014). As the trial court noted, the order appointing the guardian ad litem did not stipulate that the guardian ad litem had to get the parents' approval prior to meeting with C. C., or in determining how to conduct his investigation. The order provided, in pertinent part, that

> The guardian ad litem shall have the right and authority to investigate said matter as he deems appropriate, including the right to meet with and/or interview [C. C.], the parties and other such other third parties as he deems appropriate.

While the father maintains that the guardian ad litem's actions resulted in the appearance of impropriety or bias, he does not assert any actual resulting harm or prejudice. "A case will not be reversed merely because error may have occurred. [The father] is required to show harm as well as error to prevail on appeal, and this [he] must show by the record as harm cannot be established by unsupported assertions[.]" (Citation and punctuation omitted.) *Joiner-Carosi v. Adekoya*, 357 Ga. App. 388, 396 (4) (850 SE2d 853) (2020). Thus, we discern no reversible error.

6. The father contends that the final order violates his constitutional rights in several regards, including that the appointment of the guardian ad litem and best interests standard fail to pass strict scrutiny, and that the trial court's limitation of

20

parenting time in the order violates his First Amendment rights and the Equal Protection Clause.

The record does not reveal that the father raised these constitutional arguments below and likewise failed to invoke any ruling from the trial court regarding same. "A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there." (Citation and punctuation omitted.) *In the Interest of A.A.*, 253 Ga. App. 858, 862 (3) (560 SE2d 763) (2002). *Flott v. Southeast Permanente &c. Grp.*, 288 Ga. App. 730, 732-733 (2) (655 SE2d 242) (2007) ("A constitutional issue cannot be considered when asserted or the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there. Contentions regarding a constitutional issue which were not made below are thus not passed upon here.") (citation and punctuation omitted). Thus, as the arguments were neither raised nor ruled upon below, we do not undertake such exercise on appeal.

7. The father last contends that the trial court erred by allowing hearsay testimony over his objection. The alleged hearsay occurred during the mother's testimony in which she attributed several statements to C. C. Our review of the

21

transcript reveals that there was no hearsay objection during the testimony. The lone objection during the cited testimony was for "leading" the witness.

"To preserve an objection as to a specific point, 'the objection must be on that specific ground' in order for this Court to consider it." (Citation omitted.) *Jones v. State*, 329 Ga. App. 478, 481 (3), n. 3 (765 SE2d 657) (2014). Because the father failed to raise a hearsay objection he has "waived this issue." (Citation omitted.) *Phillips v. State*, 284 Ga. App. 224, 229 (1) (d) (644 SE2d 153) (2007). Moreover, when sitting as the trier of fact and considering both admissible and inadmissible evidence, it is presumed that the trial court is able to "sift the wheat from the chaff" and consider only the legal evidence. *In the Interest of R. G.*, 249 Ga. App. 91, 96 (3) (547 SE2d 729) (2001). The father has not demonstrated otherwise.

*Judgment affirmed in part, vacated in part, and remanded. Gobeil and Markle, JJ., concur.*