# Court of Appeals
# of the State of Georgia

ATLANTA,  August 16, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0009. APRIL DAWN GOLIAS v. ELISE DANIELLE BOYCE.**

Elise Danielle Boyce filed a petition for a stalking protective order against her former mother-in-law, April Dawn Golias. The trial court granted the protective order, and Golias filed both this application and a direct appeal, which has been docketed as Case Number A23A0150.

As a general rule, stalking protective orders may be appealed directly. See, generally, *Thornton v. Hemphill*, 300 Ga. App. 647 (686 SE2d 263) (2009); *Rawcliffe v. Rawcliffe*, 283 Ga. App. 264 (641 SE2d 255) (2007); *McKlin v. Ivory*, 266 Ga. App. 298 (596 SE2d 673) (2004); *Johnson v. Smith*, 260 Ga. App. 722 (580 SE2d 674) (2003). In *Schmidt v. Schmidt*, however, the Supreme Court found that a discretionary application was required to appeal a protective order if such order was entered under the Family Violence Act. 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved on other grounds by *Gilliam v. State*, 312 Ga. 60 (860 SE2d 543) (2021); see also OCGA § 5-6-35 (a) (2) (appeals from orders in domestic relations cases must be by discretionary application). That Act defines "family violence" as the commission of certain offenses, including stalking, "between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons living or formerly living in the same household." OCGA § 19-13-1.

Here, although Golias has a familial relationship with Boyce, the relationship is not one encompassed by the Family Violence Act. Under these circumstances, no application for discretionary appeal was required. Ordinarily, this Court would grant an otherwise timely application for discretionary appeal if the lower court's order is

subject to direct appeal. See OCGA § 5-6-35 (j). However, the pending direct appeal renders this application superfluous. Accordingly, this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/16/2022__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*